UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfonso Haynesworth, | ) C/A No. 2:12-2466-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| R. Ferrell Cothran;<br>Lloyd W. Flores, Jr.;<br>Kimberly S. Harrison;<br>William A.W. Buxton;<br>James G. Bogle, Jr., and<br>William L. Eagleton, | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is currently civilly detained at the Lee-Sumter Detention Center as a result of an initial determination by a state court judge that he be held by state officials after the termination of his criminal sentence (June 15, 2012), pending the required evaluation for the South Carolina Sexually Violent Predators (SVP) program. ECF No. 1, Compl. 2. He alleges that he was not given any time to prepare for the initial SVP hearing that was held on April 20, 2012, while he was still incarcerated at Evans Correctional Institution and serving a probation-violation sentence. *Id.* Compl. 3. He also alleges that his own attorney and the state's attorneys all conspired with the state court judge, the SVP examiner, and the Warden of Evans prison to violate his due process rights by unhindered presentation of improper evidence and perjured testimony at the hearing, and to, then, violate his Eighth Amendment right against continued detention after his criminal sentence

max-out date and to infringe on his right against double jeopardy. *Id.* He seeks compensatory and punitive damages and injunctive relief in the form of an order of protection from retaliation by Defendants. He does not ask to be released from confinement. *Id.* Compl. 5.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Even though the SVP commitment order of which Plaintiff complains is *civil* in nature, rather than criminal, *see Michau v. Charleston Cty.*, 434 F.3d 725, 727-28 (4th Cir. 2006)(SVP's are not "prisoners" for PLRA purposes), the federal courts that have considered § 1983 claims relating to such procedures have ruled that *Heck v. Humphrey*

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

3

and its "favorable termination" requirement also apply to civil rights challenges lodged against SVP orders, such as that asserted in Plaintiff's Complaint. *See Turner v. Johnson,* 466 F. App'x 214 (4th Cir. 2012); *see, e.g., Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (holding that *Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"); *Banda v. N. J. Special Treatment Unit Annex,* 164 F. App'x 286, 287 (3rd Cir. 2006) (unpublished opinion) (*Heck* barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"); *Talbot v. Loya*, No. 4:03CV3400, 2005 WL 2765131 at *2 (D. Neb. 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); *Nelson v. Suire*, No. 4:09CV658 DDN, 2009 WL 1161609 at *2 (E.D. Mo. 2009)( "*Heck* applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages").

It is unclear whether or not Plaintiff is pursuing or has unsuccessfully pursued a direct appeal from the commitment order of which he complains or whether he has filed or is pursuing any other legal proceeding to challenge his SVP status. But, what is clear is that he has not yet been successful in having the subject order reversed at either the trial or appellate level in state court. Because he has not been successful in having his SVP commitment order set aside by way of appeal, PCR, habeas corpus, or otherwise, and because his allegations, if true, would necessarily invalidate his detention, he cannot sue any of the Defendants based on their involvement in his SVP process or his continued civil detention. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice.  See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.  Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 27, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).